IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBBIE NEARING,

    Plaintiff,

    v.

MERIT SYSTEMS PROTECTION BOARD,
STEPHEN PERRY, ADMINISTRATOR,
U.S. GENERAL SERVICES
ADMINISTRATION,

    Defendants.

CIV-S-04-1880 DFL GGH

MEMORANDUM OF OPINION
AND ORDER

Plaintiff Robbie Nearing was fired from her position at the General Services Administration ("GSA"). She appealed her dismissal to an administrative judge and to the Merit Systems Protection Board ("MSPB"), without success. The parties cross-move for partial summary judgment on Nearing's claim that the decision of the administrative judge, upholding her removal, was erroneous.

I.

Nearing is an African American female with 24 years of employment in the federal government. (Pl.'s Mot. at 1.) At the

time of her dismissal, Nearing was a GS-6 purchasing agent at the Sacramento Real Estate Management Field Office of the GSA. (<u>Id.</u>) On May 17, 2001, plaintiff was given a notice of proposed action, which recommended her termination based on the following six charges: (1) insubordination; (2) rudeness to GSA customers; (3) rudeness to GSA contractors; (4) failure to deliver messages to her supervisor; (5) discourteous treatment of job applicants; and (6) rudeness to co-workers. (<u>Id.</u> at 3.) These charges are based on incidents that took place from December 26, 2000 to May 8, 2001. (<u>Id.</u>) Nearing filed a reply to the proposed action on June 14, 2001, but the proposed action was sustained on July 11, 2001. (Defs.' Mot. at 2.) Nearing was removed from her position, effective July 13, 2001.

Nearing appealed the decision and, beginning on June 24, 2002, an administrative judge held a three-day evidentiary hearing on the charges. (<u>Id.</u>) The administrative judge sustained charges (1), (2), (5), and (6) in their entirety. (<u>Id.</u>) She also sustained one of the specifications in charge (4) of failure to deliver messages. (<u>Id.</u>) She did not sustain charge (3). (<u>Id.</u>) Nearing appealed the decision to the MSPB which, on August 5, 2004, denied the petition for review. (<u>Id.</u>)

Nearing filed this suit on September 9, 2004, raising two claims: (1) that the MSPB decision to sustain her removal was erroneous; and (2) that her termination was motivated by racial prejudice. (Compl. ¶¶ 6-8.) The parties cross-move for summary judgment only as to the first claim.

II.

A federal employee removed from her position may appeal that decision and is entitled to a hearing before an administrative law judge or the MSPB. 5 U.S.C. § 7701. At the hearing, the agency has the burden to prove, with substantial evidence, that the employee actually committed the conduct complained of and that removal based on the misconduct will promote the efficiency of the service. Id. § 7701(c); McLeod v. Dep't of the Army, 714 F.2d 918, 920 (9th Cir. 1983); King v. Nazelrod, 43 F.3d 663, 666-67 (Fed. Cir. 1994).

If the administrative judge determines that the agency has carried its burden of proof and upholds the removal, the employee is entitled to judicial review of that decision. 5 U.S.C. § 7703. However, at the district court level, the employee bears the burden of proof to establish that the decision of the administrative judge is: (1) arbitrary, capricious, or an abuse of discretion; (2) obtained without the required procedures; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." Weston v. Dep't of Hous. and Urban Dev., 724 F.2d 943, 948-49 (Fed. Cir. 1983).

If the "substantial evidence" determination required the weighing of competing evidence, the court should defer to the credibility findings of the administrative judge, which are "virtually unreviewable." Frey v. Dep't of Labor, 359 F.3d 1355,

3

1361 (Fed. Cir. 2004); <u>Brown v. United States Postal Serv.</u>, 860 F.2d 884, 887 (9th Cir. 1988); <u>Bieber v. Dep't of the Army</u>, 287 F.3d 1358, 1364 (Fed. Cir. 2002).  It is not the role of the district court to re-weigh conflicting evidence.  <u>Bieber</u>, 287 F.3d at 1364.

In this case, the administrative judge held a three-day evidentiary hearing and issued a thirty-nine page decision that evaluated the evidence presented for each of the charges.  (AR 1391-1430.)  In sustaining charges (1), (4), (5), and (6), and the specifications underlying these charges, the administrative judge made credibility determinations and articulated her reasons for crediting the agency's witnesses.  (<u>Id.</u> at 1392-96, 1401-18.)  In making these determinations, the administrative judge took into account Nearing's allegations of bias.  (<u>Id.</u>)

Likewise, the decision of the administrative judge in sustaining charge (2) and its two specifications was based on substantial evidence.  In sustaining this charge, the administrative judge evaluated the evidence and determined that Nearing did not dispute the substance of the charges.  (<u>Id.</u> at 1397-1400.)  Instead, Nearing offered justifications for her behavior -- she was overwhelmed with work or others were rude to her -- that the administrative judge correctly rejected.  (<u>Id.</u>)

The administrative judge relied on credibility determinations that the court will not disturb.  Nor will the court, as Nearing requests, re-weigh evidence of bias or the justifications that were presented to the administrative judge.

4

The administrative judge's decision in sustaining the charges is supported by substantial evidence.

Nearing also challenges the severity of the penalty. (Pl.'s Mot. at 30.) The agency has the burden of proving that the adverse action will promote the efficiency of the service. 5 U.S.C. § 7513. The administrative judge's determination of the appropriate penalty is reviewed for abuse of discretion. Id. § 7703(c); McClaskey v. Dep't of Energy, 720 F.2d 583, 586 (9th Cir. 1983). The court should defer to the administrative decision unless its "severity appears totally unwarranted." Brown, 860 F.2d at 888, quoting Brewer v. United States Postal Serv., 648 F.2d 1093, 1098 (Ct. Cl. 1981). Dismissal is an "excessively harsh" penalty only when the offense committed is extremely minor. McClaskey, 720 F.2d at 586.

In determining the appropriate penalty, the agency must weigh, as appropriate, the twelve "Douglas factors." Douglas v. Veteran's Admin., 5 M.S.P.B. 313, 332 (1981); McClaskey, 720 F.2d at 587-88. In this case, the administrative judge weighed these factors. (AR 1424-26.) The administrative judge emphasized that: (1) the incidents of misconduct were numerous and serious; (2) Nearing had been disciplined in the past for similar conduct; (3) Nearing had conflicts with all of her supervisors; and (4) Nearing refused to accept any responsibility for her actions. (Id.) These factors favoring removal were weighed against Nearing's long employment with the federal government and her claims of overwork. (Id.) The administrative judge found that

5

these mitigating factors were insufficient to disturb the agency's decision.  (Id.)

Nearing offers her own evaluation of the Douglas factors, arguing that the decision of the administrative judge was arbitrary and capricious.  (Pl.'s Mot. at 30-32.)  Without addressing each of the factors, the record reveals sufficient evidence to uphold the penalty imposed.  Numerous cases have held that insubordination alone is a serious offense meriting removal. See, Mazares v. Dep't of the Navy, 302 F.3d 1382, 1386 (Fed. Cir. 2002); Webster v. Dep't of Army, 911 F.2d 679, 688 (Fed. Cir. 1998).

Here, in addition to a charge of insubordination, the administrative judge sustained 10 other specifications against Nearing for rudeness and disrespect to her co-workers, customers, supervisors, and the public.  Nearing's insistence that she can perform her job if she does not have to deal with these individuals does not assist her, because these interactions are part of her assigned duties.  Similarly, Nearing's argument that she was only responding to the hostile work environment of the Sacramento Field Office cannot explain or excuse her rudeness to others outside of the agency, including customers and members of the public.  The finding of the administrative judge that removal was an appropriate penalty is not arbitrary or capricious.

\\\

\\\

III.

For the reasons set forth above, defendant's motion for summary judgment on claim one is GRANTED.

IT IS SO ORDERED.

Dated: 7/25/2005

_____
DAVID F. LEVI
United States District Judge