1  LOUIS DEMAS SBN #87286
   Attorney at Law
2  2 Princeville Circle
   Sacramento, California 95831-3462
3  (916) 399-8063

4  Attorney for Plaintiff

5  McGREGOR W. SCOTT
   United States Attorney
6  JOSEPH E. MALONEY, SBN 95458
   Assistant United States Attorney
7  501 I Street, Suite 10-100
   Sacramento, California 95814
8  Telephone: (916) 554-2750

9  Attorneys for Defendant

10

11            IN THE UNITED STATES DISTRICT COURT

12         FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14 ROBBIE NEARING,              )    No. CIVS-04-1880 DFL GGH
                                )
15            Plaintiff,        )
                                )
16            v.                )    STIPULATION OF SETTLEMENT;
                                )    WAIVER AND RELEASE; DISMISSAL;
17 MERIT SYSTEMS PROTECTIONS    )    ORDER
   BOARD, STEPHEN A. PERRY,     )
18 ADMINISTRATOR, UNITED STATES )
   GENERAL SERVICES             )
19 ADMINISTRATION,              )
                                )
20            Defendants.       )

21

22    1.     Plaintiff ROBBIE NEARING (hereinafter "plaintiff")

23 filed this action against the Merit Systems Protection Board and

24 the Administrator of the General Services Administration

25 (hereinafter "defendants"), pursuant to Title VII of the Civil

26 Rights Act of 1964, 42 U.S.C. § 2000e-16, and various other legal

27 provisions alleging employment discrimination, retaliation, and

28 unlawful agency action as more fully described in the Complaint

                            1

1  for Judicial Review of MSPB Decision and Complaint of

2  Discrimination filed on November 9, 2004.

3      2.      Defendant hereby agrees to pay to plaintiff, and

4  plaintiff agrees to accept, the total sum of $50,000.00 (Fifty

5  Thousand Dollars).  This amount includes attorney's fees, expert

6  witness fees, and all other costs or expenses, which amounts will

7  be paid out of the sum stated and not in addition to it.

8      3.   This Settlement Agreement shall not constitute an

9  admission of liability, fault or discrimination on the part of

10  the United States, its agencies, agents, or employees and former

11  employees, and is entered into by both parties only for the

12  purpose of compromising disputed claims and avoiding the expenses

13  and risks of continued litigation.

14      4.      This settlement is in full settlement and satisfaction

15  of any and all existing and future claims of any kind whatsoever,

16  known or unknown, which plaintiff or her children, estate, heirs,

17  successors or assigns may now have or hereafter acquire against

18  the United States of America, its agencies, agents, employees and

19  former employees, individually and/or in their official

20  capacities, as a result of any matter contained within the

21  Complaint on file in this action.

22    Plaintiff and her children, estate, heirs, successors or

23  assigns further agree to reimburse, indemnify, defend and hold

24  harmless the United States, its agencies, agents, and employees

25  and former employees, individually and/or in their official

26  capacities, from any and all such claims incident to or resulting

27  from further litigation or the prosecution by plaintiff or her

28  children, estate, heirs, successors or assigns against any third

1  party, or against the United States, its agencies, agents, and

2  employees and former employees, individually and/or in their

3  official capacities.

4      5.      In consideration for payment of the amount and actions

5  taken as specified in paragraph 2 above, plaintiff agrees,

6  represents and warrants that this is a full and final release

7  applying to all known, unknown and unanticipated injuries,

8  disabilities, damages or claims of any kind arising in any manner

9  out of the allegations contained in the Complaint on file in this

10  action.  Plaintiff understands that she may have suffered damages

11  or have claims that are unknown to her at present.  Plaintiff

12  acknowledges that the sum paid in consideration of this

13  settlement is intended to and does release and discharge any

14  claims in regard to such unknown or future damages and claims of

15  any kind arising out of the allegations contained in the

16  Complaint, and she does hereby waive to the fullest extent

17  permissible under law any and all rights under Section 1542 of

18  the California Civil Code, which reads as follows:

19      A general release does not extend to claims which the

20      creditor does not know or suspect to exist in his favor

21      at the time of executing the release, which if known by

22      him must have materially affected his settlement with

23      the debtor.

24   In connection with such waiver and relinquishment, plaintiff

25  acknowledges that she is aware that she may hereafter discover

26  claims and damages presently unknown or unsuspected, or facts in

27  addition to or different from those which she now knows or

28  believes to be true, with respect to the matters released herein.

1  Nevertheless, it is the intention of plaintiff through this

2  release, and with the advice of counsel, fully, finally and

3  forever to settle and release all such matters and claims

4  relative thereto to the extent those claims arising out of the

5  allegations contained in the Complaint on file in this action.

6      6.      Plaintiff represents and warrants that, other than

7  claims and liens for attorney's fees, she is the sole and lawful

8  owner of all rights, title and interests in and to every claim

9  and other matter which she purports to release herein, and that

10  she has not heretofore assigned or transferred, or purported or

11  attempted to assign or transfer to any person or entity any

12  claims or other matters herein released.  Plaintiff shall

13  indemnify the United States of America and its agencies, agents,

14  employees and former employees, named and unnamed, against, and

15  defend and hold harmless from, any claims arising out of or

16  relating to any such assignment or transfer of any claims or

17  other matters released herein.

18    7.      Payment of the settlement amount will be made by an

19  electronic funds transfer to the account identified by

20  plaintiff's attorney.

21    8.      This Settlement Agreement contains the entire agreement

22  between the parties hereto, and plaintiff acknowledges and agrees

23  that no promise or representation not contained in this

24  Settlement Agreement has been made to her, and she acknowledges

25  and represents that this Settlement Agreement contains the entire

26  understanding between the parties, and contains all terms and

27  conditions pertaining to the compromise and settlement of the

28  disputes referenced herein.  This Settlement Agreement is

1  executed without reliance upon any representation by defendant as

2  to tax consequences, and plaintiff is responsible for the payment

3  of all taxes that may be associated with the settlement payment.

4      9.      The terms of this Settlement Agreement are binding on

5  the parties, but do not give rise to any separate cause of

6  action.  In the event of a dispute between the parties regarding

7  a matter that arises under this Settlement Agreement, the sole

8  remedies of the parties shall be to seek relief through an order

9  from this Court.  The parties hereby stipulate that this Court

10 shall maintain jurisdiction to enforce and interpret the terms of

11 this Settlement Agreement.

12     10.     This Settlement Agreement and the provisions contained

13 herein shall not be construed or interpreted for or against any

14 party hereto because that party drafted or caused that party's

15 legal representative to draft any of its provisions.

16     11.     Plaintiff acknowledges that she has read this

17 Settlement Agreement, that she fully understands her rights,

18 privileges and duties hereunder, and that she enters into this

19 Settlement Agreement freely and voluntarily.  Plaintiff further

20 acknowledges that she has had sufficient opportunity to consult

21 with her counsel to explain the terms of this Settlement

22 Agreement and the consequences of signing it.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1    12.    Plaintiff agrees that, in consideration of defendant's

2  agreement to take the steps set forth in paragraph 2, her action

3  may be and hereby is dismissed with prejudice.

4

5  DATED: _____          LAW OFFICES OF LOUIS DEMAS

6

7                              By:_____
                                  LOUIS DEMAS
8                                 Attorneys for Plaintiff

9

10 DATED: _____          _____
                                  ROBBIE NEARING
11                                Plaintiff

12

13 Dated:                         McGREGOR W. SCOTT
                                  UNITED STATES ATTORNEY
14

15

16                               JOSEPH E. MALONEY
                                 ASSISTANT UNITED STATES ATTORNEY
17

18                               ORDER

19    IT IS SO ORDERED.

20

21 DATED: 1/20/2006

22

23

24                            _____
                                DAVID F. LEVI
25                              United States District Judge

26

27

28

6